IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

```
UNITED STATES OF AMERICA      *
                              *
                              *
VS.                           * CRIMINAL ACTION NO. W-16-CR-60
                              *
ESTELA FAJARDO-BRICENO        *      September 30, 2016
```

BEFORE THE HONORABLE ROBERT PITMAN, JUDGE PRESIDING
SENTENCING PROCEEDINGS

APPEARANCES:

| | |
|---|---|
| For the Government: | Mary Kucera, Esq.<br>Assistant United States Attorney<br>PO Box 828<br>Waco, Texas 76701 |
| For the Defendant: | Marisa C. Balderas, Esq.<br>110 Broadway, Ste. 510<br>San Antonio, TX 78205 |
| Court Reporter: | Kristie M. Davis<br>United States District Court<br>800 Franklin Ave, Ste 316<br>Waco, Texas 76701 |

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

1    (September 30, 2016, 9:24 a.m.)

2        DEPUTY CLERK:  Court calls W-16-CR-60, United States vs.

3    Estela Fajardo-Briceno for sentencing.

4        MS. KUCERA:  Mary Kucera for the United States, Your

5    Honor.

6        THE COURT:  Ms. Kucera.

7        MS. BALDERAS:  Marisa Balderas with Estela Fajardo.

8        THE COURT:  Good morning, Ms. Balderas.

9        MS. BALDERAS:  Good morning.

10       THE COURT:  You are Estela Fajardo-Briceno?

11       THE DEFENDANT:  Yes.

12       THE COURT:  Okay.  Before we begin, can I ask you to raise

13   your right hand, please, as much as you can?

14       (Defendant was sworn.)

15       THE COURT:  First let me ask Ms. Fajardo-Briceno, do you

16   speak English?

17       THE DEFENDANT:  Yes.

18       THE COURT:  And do you speak English well enough to

19   understand the court proceedings and -- you've been in court

20   before.  Did you ever have any trouble understanding anything

21   that was going on?

22       THE DEFENDANT:  No.

23       THE COURT:  Okay.  Great.  If you do have any difficulty,

24   will you let me know?

25       THE DEFENDANT:  Yes.

1      THE COURT:  Okay.  Thank you.

2      The purpose of this hearing, Ms. Fajardo-Briceno, is to

3   determine an appropriate sentence in your case.  If you need

4   time to talk to your lawyer, just let me know and I'll give you

5   time.  If you have any questions, please ask them.  If you have

6   any trouble understanding me, let me know that as well.  At the

7   appropriate time I'll be giving you the chance to say anything

8   that you'd like to say, although you don't have to speak.  You

9   can let your lawyer speak on your behalf.

10      First let me ask whether or not you have received a copy

11   of the presentence investigation report that the probation

12   office prepared in your case?

13      THE DEFENDANT:  Yeah.  I was just able to see it just

14   right now.

15      THE COURT:  Excuse me?

16      THE DEFENDANT:  I was able to see just now.

17      THE COURT:  Okay.  Have you not seen it before this

18   morning?

19      THE DEFENDANT:  No.

20      MS. BALDERAS:  No, Your Honor.  I had gone over with it by

21   phone.

22      THE COURT:  Okay.

23      MS. BALDERAS:  But a physical copy, no.

24      THE COURT:  Got you.  Okay.  Well, then let me ask

25   Ms. Balderas.  When you went over it by phone, did you go over

1    it line by line --

2        MS. BALDERAS:  Yes, sir.

3        THE COURT:  -- in a complete fashion?

4        MS. BALDERAS:  Yes, sir.

5        THE COURT:  Okay.  Great.

6        So, Ms. Fajardo-Briceno, now that you look -- now that you

7    have it in front of you, if you could look through that and

8    make sure that that is the document that your lawyer talked to

9    you and explained to you over the phone, see if that looks

10   familiar to you.

11       THE DEFENDANT:  Okay.

12       THE COURT:  So now that you've looked at this document,

13   does it appear that your lawyer went over this document with

14   you on the phone and explained every part of it to you?

15       THE DEFENDANT:  Yes.  Just a few -- a few things.  Not all

16   of it, but...

17       THE COURT:  Not all of it?

18       THE DEFENDANT:  Yes.

19       THE COURT:  Okay.  All right.  We're going to have to send

20   you to talk.

21       MS. BALDERAS:  Okay.  If I can step aside with her, Your

22   Honor.

23       THE COURT:  Sure.

24       Let's call the next case.

25       (Recess taken from 9:27 to 9:35.)

1    THE COURT:  Go back on the record with

2  Ms. Fajardo-Briceno.

3    The record will reflect that you've had an opportunity to

4  sit with your lawyer in the courtroom and go over the

5  presentence investigation report in this case so I'll ask you

6  now, Ms. Fajardo-Briceno, now have you had an opportunity to go

7  over the presentence investigation report with your lawyer?

8    THE DEFENDANT:  Yes.  I did.

9    THE COURT:  Do you believe that you've had enough time --

10  it's a fairly short report in your case and so let me ask

11  whether or not you believe you've had enough time to talk to

12  your lawyer about it and ask any questions that you had?

13    THE DEFENDANT:  I just went over that and I'm okay with

14  that.

15    THE COURT:  Okay.  And you think you have had enough time?

16    (Conference between counsel and defendant.)

17    THE COURT:  If you don't, it's no problem if you say no.

18  I mean, it's --

19    THE DEFENDANT:  No.

20    THE COURT:  You don't?  Okay.  Then what we need to do is

21  I'm a little concerned in this case frankly because -- let me

22  look here.  I think you've already served more than the high

23  end of the guidelines and so I don't want to reset this case

24  for another day.  What I'd like to do is -- do we have any

25  interview room or anything that we could --

1    MARSHAL:  We can make it happen, Judge.

2    THE COURT:  All right.

3    MS. BALDERAS:  Your Honor, just for the record, it's --

4  there's some outside issues that I think are what the questions

5  are about and so there's some -- a state case and there's also

6  a VAWA application pending and so obviously now we have this,

7  but as far as the sentencing, the Court is correct that she is

8  past the time for a time served, but I think she has some

9  questions about what happens next and so if she wants to talk

10 about that...

11    THE COURT:  Well, clearly she still has questions that

12 haven't been answered and so I don't want to proceed until she

13 does and so we'll see.  If you can't arrange that, if you

14 can't, we'll work it another way.

15    MARSHAL:  We'll make it happen, Judge.

16    THE COURT:  Thank you very much.

17    (Recess taken from 9:38 to 10:09.)

18    THE COURT:  Okay.  We'll go back on the record with U.S.

19 vs. Estela Fajardo-Briceno.

20    Am I saying your name right?

21    THE DEFENDANT:  Yes, sir.

22    THE COURT:  Okay.  Great.  So we'll pick up where we left

23 off, and again thank you for listening carefully to my

24 questions and answering honestly.  That's always helpful when

25 you do that.

1    So I'll ask you again now that you have had the

2  opportunity to visit with your lawyer some more this morning,

3  do you believe you've had a sufficient opportunity to review

4  the presentence investigation report in this case?

5    THE DEFENDANT:  Yes, sir.

6    THE COURT:  And do you believe that you've had any

7  questions that you have answered and that you've had a full

8  opportunity to discuss that report with your lawyer?

9    THE DEFENDANT:  Yes, Your Honor.

10    THE COURT:  Okay.  Ms. Balderas, do you believe you've had

11  a sufficient opportunity to discuss the report with your

12  client?

13    MS. BALDERAS:  I have.

14    THE COURT:  And do you have any objections to the report?

15    MS. BALDERAS:  I don't have any objections, Your Honor.

16    THE COURT:  Are there any objections from the government?

17    MS. KUCERA:  No, Your Honor.

18    THE COURT:  Okay.  Ms. Fajardo-Briceno, I want to talk to

19  you -- first I will then accept the contents of the presentence

20  investigation report and make it a part of the record in this

21  case.

22    I want to go over now the possible punishment that you

23  face today and also what the guidelines are recommending in

24  your case.  The statute in this case provides for a term of

25  imprisonment of up to two years followed by a term of

1   supervised release of up to one year or a term of probation of

2   between one and five years.  The statute provides for a fine of

3   up to $250,000 in addition to the mandatory special assessment

4   of $100 under the Victims of Crimes Act.  Ms. Fajardo-Briceno,

5   do you understand what the statute in this case provides for in

6   terms of punishment in the case?

7         THE DEFENDANT:  Yes, Your Honor.

8         THE COURT:  Now, the guidelines in your case were

9   calculated.  The offense level was found to be a level six and

10  your criminal history category a category one.  As a result,

11  the guidelines propose a sentence of between -- of up to six

12  months in your case followed by a term of supervised release of

13  up to one year or a term of probation of between one and five

14  years.  The guidelines provide for a -- recommend a fine of

15  between 1,000 and $9,500 in addition to the mandatory special

16  assessment of $100.  Do you understand what the guidelines have

17  recommended in your case?

18        THE DEFENDANT:  Yes.

19        THE COURT:  Okay.  Now, Ms. Fajardo-Briceno, I'd be happy

20  to hear anything that you would like to say before I impose

21  sentence in your case.  You don't have to speak.  You can let

22  your lawyer speak on your behalf, but I'm happy to hear

23  anything that you'd like to say.

24        THE DEFENDANT:  I just want to -- well, okay.

25        THE COURT:  Take your time.

1    THE DEFENDANT:  Okay.  No.  I'm okay.

2    THE COURT:  Okay.  Ms. Balderas, would you like to say

3  anything?

4    MS. BALDERAS:  Yes, Your Honor.  Ms. Fajardo has been in

5  custody since February 11th.  She's got over six months time in

6  custody and we're asking the Court to satisfy her judgment

7  today.  There's some factors that have complicated her case and

8  that is why, you know, I wanted to make sure that we took our

9  time in entering a plea on this case and also having the

10  opportunity to explore the immigration consequences of this

11  case.  Ms. Fajardo, she understands that she is deportable;

12  however, the one complicating factor in this case is to --

13  regarding what happens next is that she has filed for VAWA for

14  protection under VAWA as a woman who has been a victim in the

15  past of domestic violence.  So in that instance, Your Honor,

16  we -- that application was submitted; however, regarding the

17  sentencing in this case and due to her time in the country and

18  mitigating factors of her family and her U.S. born children,

19  we're asking the Court to impose a sentence within the

20  guideline range of up to six months.

21    THE COURT:  Thank you very much.

22    Anything from the government in this case?

23    MS. KUCERA:  No, Your Honor.  In regards to the requested

24  sentence, we trust in your discretion; however, in this

25  particular case it also has a special condition that has been

1    reduced to memorandum form and has been tagged with an exhibit

2    sticker as Government's Exhibit No. 1.  It's been previously

3    tendered to defense counsel.  We'd ask that it now be admitted

4    into evidence and included in this defendant's judgment.

5           THE COURT:  Any objection?

6           MS. BALDERAS:  No objection.

7           THE COURT:  Without objection, so admitted.

8           Ms. Kucera, in a case like this is it of any significance

9    one way or another whether I, for instance, give a six month

10   sentence or a time served sentence?

11          MS. KUCERA:  Your Honor, I've always -- previously I've

12   always heard in cases like this that it's done credit time

13   served.

14          THE COURT:  Okay.

15          MS. KUCERA:  So I don't know -- truthfully to answer your

16   question, I don't know if it necessarily matters because I

17   don't know how the credit works, but in previous announces from

18   the bench it's always just been said credit time served.

19          THE COURT:  Ms. Balderas, do you have any opinion on that?

20          MS. BALDERAS:  The only issue is I think that the time

21   served will reflect a greater sentence.

22          THE COURT:  That's what I'm thinking.

23          MS. BALDERAS:  So I would ask the Court to impose a six

24   month.

25          THE COURT:  Six month.  Yeah.  That makes sense.  Okay.

1  Thank you very much.

2      So, Ms. Fajardo, I am required to consider a number of

3  things in determining a sentence, the nature and circumstances

4  of the offense, your background and history, the need to

5  promote respect for the law and to provide a just punishment in

6  a particular case and then also to give you any needed

7  treatment and training.  For obvious reasons in this case you

8  have already served longer than the guideline sentence.  I

9  certainly see no reason to impose a sentence above the

10 guideline range.  So it's the judgment of the Court that you be

11 sentenced to a term of imprisonment of six months.  Upon

12 release you will likely be deported from the United States, and

13 if you are, you're not to come back to the United States

14 without the proper permission, but if you do, you are to report

15 to the probation office to begin what will be a one year term

16 of supervised release.  While you're on supervised release, you

17 shouldn't commit any other federal, state or local crimes and

18 comply with the mandatory and standard conditions adopted by

19 the Court.  Likewise if for some reason you're released into

20 the United States rather than being deported, you also should

21 immediately report to the probation office to begin your term

22 of supervised release.  I'm not going to order a fine because I

23 don't think that you have the present ability to pay a fine,

24 but I will impose the mandatory $100 mandatory special

25 assessment under the Victims of Crimes Act.

1       I'm going to seal the presentence investigation report

2  and -- but make it available for appellate purposes.  You do

3  have the right to appeal the sentence I've given you.  I don't

4  know that your lawyer would advise you to, but in the event you

5  want to appeal this sentence, you should talk to your lawyer

6  about how to do that, the time limits for doing it and how to

7  request a court appointed lawyer if you need one.

8       Is there any anything else, Ms. Balderas?

9       MS. BALDERAS:  No, Your Honor.

10      THE COURT:  Anything else from the government?

11      MS. KUCERA:  Nothing further, Your Honor.

12      THE COURT:  Okay.  Thank you, ma'am.  Good luck.

13      THE DEFENDANT:  Thank you.

14      (Hearing adjourned at 10:17 a.m.)

15

16

17

18

19

20

21

22

23

24

25

1   UNITED STATES DISTRICT COURT )

2   WESTERN DISTRICT OF TEXAS      )

3

4        I, Kristie M. Davis, Official Court Reporter for the

5   United States District Court, Western District of Texas, do

6   certify that the foregoing is a correct transcript from the

7   record of proceedings in the above-entitled matter.

8        I certify that the transcript fees and format comply with

9   those prescribed by the Court and Judicial Conference of the

10  United States.

11       Certified to by me this 6th day of October 2016.

12
                              */s/ Kristie M. Davis*
13                            KRISTIE M. DAVIS
                              Official Court Reporter
14                            800 Franklin Avenue, Suite 316
                              Waco, Texas 76701
15                            (254) 340-6114
                              kmdaviscsr@yahoo.com
16

17

18

19

20

21

22

23

24

25